IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN CHARLES KENNEY, | : | CIVIL ACTION NO. 1:CV-14-1030 |
| Plaintiff, | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Saporito) |
| JEFFREY E. THOMAS, | : | |
| Respondent. | : | |

REPORT and RECOMMENDATION

I.   Procedural Background.

On May 28, 2014, petitioner, John Charles Kenney ("Kenney"), an inmate at the Federal Correctional Institute ("FCC-Allenwood"), White Deer, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner also filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). On September 10, 2014, Kenney paid the filing fee. (Doc. 6). Kenney challenges his August 7, 2013 disciplinary proceedings in which he was sentenced to 27 days loss of good conduct time, loss of phone privileges, loss of commissary, and loss of visiting privileges for 120 days. (*Id.*)

Named as sole respondent in his habeas petition is Jeffrey E. Thomas, the Warden at FCC-Allenwood.[1]  In this §2241 habeas petition, Kenney essentially

---

[1] Petitioner named the correct Respondent since he is presently confined at FCC-Allenwood and Thomas is the warden at this prison. *See* 28 U.S.C. § 2242 and § 2243. *See Rivera v. Scism*, Civil No. 10-1773, M.D.

claims that his due process rights were violated by the Disciplinary Hearing Officer ("DHO") and the staff representative when the DHO refused to call the witnesses on Kenney's behalf and the staff representative refused to contact people on his behalf and failed to conduct pre-hearing preparation. (Doc. 1). Kenney states that he fully exhausted his administrative remedies on March 27, 2014 with the Central BOP Office. (*Id.*)

Kenney's grounds for challenge are as follows:

> GROUND ONE: Mr. Brian Chambers, Disciplinary Hearing Officer violated my due process rights for "refusing" to call witnesses on my behalf. DHO-Chambers also violated BOP-Policy 5270.09.
>
> GROUND TWO: During my DHO-Hearing on 8-7-13 my staff-representative, Mr. Dean Hollenbach did not meet with me prior to my DHO-Hearing. "Refused" to call my witnesses above, and failed to assist me for my hearings.
>
> GROUND THREE: Brian Chambers, Disciplinary Hearing Officer procedurally and constitutionally violated my <u>due process</u> rights for "refusing" to contact my witnesses on my behalf.
>
> GROUND FOUR: Dean Hollenbach, staff representative has admitted to his "wrongdoing" for "refusing" to call or interview my

---

Pa. Petitioner also correctly filed his habeas petition with this court since he is incarcerated in the Middle District of Pennsylvania. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

>witnesses above inside the DHO-Report dated 8-26-13, at p. 1 of 5. "Clearly" Hollenbach has procedurally violated 28 Code of Federal Regulations, resulting in a due process violation, violating my Fifth Amendment rights of U.S. Const.

(Doc. 1, pp. 6-8).

Kenney requests that his 27 days of Good Conduct Time ("GCT") be reinstated and the incident report dated July 11, 2013 be expunged (Id., p. 8).

II.     Discussion.

As a preliminary matter, we agree with petitioner that his action regarding the loss of GCT is a challenge to the execution of his sentences and, as such it is a petition for habeas corpus pursuant to 28 U.S.C. § 2241. *See Woodall v. Federal Bureau of Prisons,* 432 F.3d 235, 241 (3d Cir. 2005).

Although respondent has not addressed Kenney's exhaustion of administrative remedies, we will briefly address Kenney's exhaustion. (*See* Doc 13). Kenney is required to exhaust his BOP administrative remedies through the prison grievance process before he can raise his instant claims in this §2241 habeas petition. *See* 28 C.F.R. §542.10-.23.

In his petition, Kenney maintains that he filed an appeal on September 9, 2013 in regard to docket number 749111-RI with the Federal Bureau of Prisons Northeast Region which was denied on October 28, 2013. (Doc.1, p.2). Kenney

further alleged that on September 15, 2013, he appealed to the Federal Bureau of Prisons Central Office, Washington, D.C., docket number 749111-A1 which was denied on March 27, 2014. (*Id.*, p. 3).

Because we construe Kenney's instant claims as challenging the BOP 's computation of his good conduct time toward his sentence, we find that he is required to exhaust his administrative remedies before filing his writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) (*per curiam*). Section 2241 does not contain a statutory exhaustion requirement, however, the United States Court of Appeals for the Third Circuit has required inmates to exhaust their administrative remedies prior to petitioning for a writ of habeas corpus. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). The Court requires exhaustion for the following reasons: "(1) allowing appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (3d Cir. 1996) (citations omitted).

There is evidence of record that petitioner completed the exhaustion requirements. *See Arias v. United States Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981). The BOP set forth the procedures used by federal inmates to exhaust their administrative remedies in 28 C.F.R. §§542.10-542.19. In order to exhaust administrative remedies of a DHO claim, the inmate must submit a formal, written administrative remedy request to the regional director within 20 days of the occurrence that is the underlying basis for such a request.[2] 28 C.F.R. 542.14 (d)(2) and 28 C.F.R. 542.15(a). If accepted, the regional director's response is due within 30 days. 28 C.F.R. 542.18. Next, if the inmate believes that the BOP regional director's response is unsatisfactory, the inmate is entitled to appeal the decision to the general counsel at the BOP central office within 30 days. 28 C.F.R. 542.15(a). "Appeal to the general counsel is the final administrative appeal." *Id*. If accepted, the general counsel's response is due within 40 calendar days. 28 C.F.R. 542.18. "If an inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.*

---

[2]DHO appeals are an exception to the initial informal resolution process required by 28 C.F.R. 542.13. *See* 28 C.F.R. 542.14(d)(2).

As noted above, Kenney has exhausted his administrative remedies. Additionally, respondent has not submitted evidence to show that Kenney has failed to exhaust his administrative remedies with the BOP. (Doc. 13). Accordingly, we will now examine the petition on its merits.

According to the incident report number 2466557 resulting from an incident which occurred on July 11, 2013, Kenney was charged with a Code 224 violation for "Assault on Any Person" and a Code 307 violation for "Refusing an Order." (Doc. 13-1). The incident report states that:

> On the above date and time, I observed inmate Kenney, John #05238-041 assault his cell mate, Countinho-Silva, Anderson #64654 in D-Block cell 106. Specifically, inmate Kenney was not in hand restraints and began to kick inmate Countinho-Silva who was in hand restraints. Inmate Kenney was given several direct orders to submit to hand restraints, however, he refused my orders. At this time I called for assistance and continued to give inmate Kenney direct orders to submit to hand restraints. Inmate Kenney kept kicking inmate Countinho-Silva about the stomach and leg areas until chemical agents were deployed by the responding lieutenant. Once inmate Kenney submitted to hand restraints, I assisted other staff members in escorting him to the 1st floor shower to be medically assessed and decontaminated.

(*Id.* at p. 16, §11).

Kenney was given written notice of the charges against him by S. Prutzman on July 11, 2013. (*Id.* at p. 3, ¶ 4). On August 1, 2013, Kenney was given a copy of the incident report and advised of his rights by Lieutenant A. Scott. (*Id.,* ¶ 5). Kenney

acknowledged that he understood his rights and remained silent during the investigation. (*Id.*). The investigating lieutenant noted the incident report was suspended pending referral to the FBI for possible criminal charges, but was released by the FBI for administrative action by the BOP on August 1, 2013. (*Id.*). Respondent maintains that Kenney did not request any witnesses. (*Id.*). The investigator referred the incident report to the Unit Discipline Committee ("UDC") for further action. (*Id.* at p. 4, ¶ 6).

On August 5, 2013, Kenney appeared before the UDC. (*Id.*, ¶ 7). Kenney provided the statement that he, "did not do anything." (*Id.*). Based on the incident report and statements made by Kenney, the UDC referred the charges to the Disciplinary Hearing Officer ("DHO") for further proceedings. (*Id.*, ¶ 8).

On August 5, 2013, Kenney was provided with a copy of the "Inmate Rights at Discipline Hearing" form. (*Id.*, ¶ 9). He refused to sign the acknowledgment of his receipt of the form. (*Id.* at p. 6, ¶ 10). He was further provided with a copy of "Notice of Discipline Hearing Before the Discipline Hearing Officer" form. (*Id.*, ¶ 11). Kenney requested the services of the staff representative and two witnesses: Lieutenant Roger Miller and inmate Coutinho-Silva. (*Id.*). Kenney refused to sign the acknowledgment of his receipt of the form. (*Id.*). On August 7, 2013, Mr. Hollenbach was appointed to serve as a staff representative for Kenney and was given

a copy of the "Duties of a Staff Representative" form which he signed. (Doc. 13-1, p. 22).

On August 7, 2013, Kenney appeared before DHO Brian Chambers for a disciplinary hearing. (*Id.* at p. 7, ¶ 12). The DHO noted that Kenney received advance notice of the charges against him, he was advised of his rights before the DHO, requested a staff representative and two witnesses and denied the charges against him. (*Id.*, ¶¶ 13-14). Mr. Hollenbach appeared as the staff representative for Kenney and stated that he discussed the case with Kenney prior to the hearing. (*Id.* at p. 8, ¶ 15). Mr. Hollenbach indicated that the only specific request that Kenney made of him as staff representative was to request that Lieutenant Miller be called as a witness. (*Id.*). Mr. Hollenbach informed Kenney that Lieutenant Miller prepared a July 11, 2013 memorandum documenting his eyewitness account of the incident and therefore, the DHO would not likely call him as a witness in the case. (*Id.* ¶ 16). Mr. Hollenbach indicated that Kenney demanded that the DHO call Lieutenant Miller as a witness and that it was Mr. Hollenbach's "duty" as a staff representative to ensure that Lieutenant Miller was called. (*Id.*). Mr. Hollenbach indicated that Lieutenant Miller did not have any first hand knowledge of the incident. (*Id.*, ¶ 17).

Kenney acknowledged that he understood his rights before the DHO and that he was ready to proceed with the hearing. (*Id.*, ¶ 18). He did not have any documents

to present. (*Id.*). Kenney stated that the body of the incident report was a "complete fabrication" and that the incident never occurred. (*Id.*). DHO Chambers noted the review of four staff memoranda with Kenney. Kenney stated that the memoranda are "all lies" and that "I told you before, this incident never happened." (*Id.* at p. 9, ¶ 19). Kenney also demanded to have Lieutenant Miller called as a witness or the hearing would be "invalid." (*Id.*). DHO Chambers further noted that Kenney requested inmate Anderson Coutinho-Silva to testify that Kenney did not assault him. (*Id.*, ¶ 20). DHO Chambers did not call inmate Coutinho-Silva as a witness due to the security concerns presented by inmate Coutinho-Silva being housed in a special management unit separate from Kenney because he was the alleged victim of Kenney. (*Id.*) A statement was obtained from inmate Coutinho-Silva prior to the hearing which was read in the presence of Kenney's staff representative during the hearing and considered as evidence. (*Id.*, ¶ 21). In inmate Countinho-Silva's statement, he stated, "he did not assault me." (*Id.*).

DHO Chambers also noted that Kenney requested that Lieutenant Miller be called as a witness and that he declined to call him based on the fact that Lieutenant Miller previously documented his eyewitness account of the incident in a July 11, 2013 memorandum and he considered Lieutenant Miller to be an adverse witness.

9

(*Id.* at p. 10, ¶ 22). DHO Chambers indicated that no confidential information was used. (*Id.*, ¶ 24).

Based on the greater weight of the evidence, DHO Chambers determined that Kenney committed the prohibited act of "assault," a code 224 violation. (*Id.* at p. 11, ¶ 25). DHO Chambers sanctioned Kenney to the following: 30 days of disciplinary segregation, disallowance of 27 days of GCT, 120 days of loss of privileges (commissary, telephone, visits, and impound property for 60 days (all property except legal and religious)). (*Id.*, ¶ 26). Kenney received a copy of the DHO report outlining the evidence relied upon, the sanctions imposed and that he had the right to appeal the action within 20 days under the administrative remedy procedure. (*Id.* at p. 12, ¶¶ 28, 30).

The record establishes that Kenney was afforded the requisite due process protections and that DHO Chambers relied upon ample evidence of guilt. In *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974), the Supreme Court identified the minimum procedural due process rights to be afforded a prisoner accused of misconduct which may result in loss of good conduct time. These include: (1) the right to appear before an impartial decision making body; (2) twenty-four hour advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with

institutional safety and correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action. *Wolff*, 418 U.S. at 563-67.

In the present case, it is clear that Kenney was afforded all the rights set forth in *Wolff* and the DHO's findings were supported by the requisite "some evidence" standard. *See Superintendent v. Hill*, 472 U.S. 455, 456-457 (1985) (requiring a DHO's decision to be supported by "some evidence" on the record); *Young v. Kann*, 926 F.2d 1396, 1402-1403 (3d Cir. 1991) (applying the *Hill* standard to a federal prisoner's due process challenges to prison disciplinary proceedings).

Here, although Kenney contends that DHO Chambers refused to call witnesses on Kenney's behalf and staff representative Hollenbach refused to contact people on Kenney's behalf and failed to conduct pre-hearing preparation, the evidence clearly does not support his contentions. Kenney received written notice of the charges against him on July 11, 2013 which was within 24 hours after the incident, and the unit disciplinary committee hearing was held on August 5, 2013. (Doc. 13-1). The DHO hearing was held on August 7, 2013, more than 24 hours after Kenney was notified of the charges, providing him with ample opportunity to prepare a defense. (*Id*.). Kenney appeared before an impartial hearing body. (*Id*.). He was afforded the

11

opportunity to have a staff representative at the hearing and witnesses which were not presented in person because Lieutenant Miller was an adverse witness and there were safety concerns with inmate Coutinho-Silva. (*Id*.). However, both of their statements were reviewed. (*Id*.). Kenney was provided with a written statement of the evidence relied upon in reaching the decision. (*Id*.) DHO Chambers clearly articulated each source of evidence relied upon in making the decision. (*Id*.) There was more than "some evidence" which supports the conclusion of DHO Chambers that Kenney committed the prohibited act of "assault." Thus, there is no indication that Kenney's due process rights were violated.

In light of the foregoing, Kenney received his procedural due process rights and his finding of guilt for assault was properly supported by more than "some evidence." Thus, it is recommended that Kenney's habeas claim be dismissed.

III.     Recommendation.

Based upon the foregoing, it is respectfully recommended that Kenney's petition for writ of habeas corpus (Doc. 1) be dismissed.

*s/ Joseph F. Saporito, Jr.*
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**

**Dated: April 22, 2015**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN CHARLES KENNEY, | : | CIVIL ACTION NO. 1:CV-14-1030 |
| | : | |
| Plaintiff, | : | (Judge Rambo) |
| | : | |
| v. | : | (Magistrate Judge Saporito) |
| | : | |
| JEFFREY E. THOMAS, | : | |
| | : | |
| Respondent. | : | |

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated April 22, 2015.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before

the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

*s/ Joseph F. Saporito, Jr.*
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**

**Dated: April 22, 2015**