IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN CHARLES KENNEY,** : | CIVIL NO. 1:14-CV-1030 |
| Petitioner : | |
| : | (Judge Rambo) |
| v. : | |
| : | (Magistrate Judge Saporito) |
| **JEFFREY E. THOMAS,** : | |
| Respondent : | |

# **M E M O R A N D U M**

Before the court is a report and recommendation (Doc. 21) of the magistrate judge to whom this matter was referred in which he recommends that Petitioner John Kenney's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 be dismissed. Kenney has filed objections to the report and recommendation (Doc. 25). The respondent has filed a response to the objections (Doc. 26). The matter is ripe for disposition.

Kenney claims in his habeas petition that his due process rights were violated, alleging (1) the Disciplinary Hearing Officer (DHO) violated Kenney's rights for refusing to call witnesses on his behalf; (2) Kenney's staff representative did not meet with him prior to the hearing; (3) the representative did not call his witnesses; and (4) insufficiency of the evidence.

The magistrate judge thoroughly addressed the hearing process and the allegations of Kenney. On the issue of DHO Chambers' failure to call witnesses, the record does not substantiate the claim. Kenney alleges he requested inmate Coutinho-Silva and Lieutenant Roger Miller be called as witnesses. Coutinho-Silva was the alleged victim of Kenney's assault. However, due to security concerns, a

written statement by this inmate was read into evidence (Doc. 21 at p. 9). Lieutenant Miller was not called because of his written account of the incident, which was considered and was found to be adverse to Kenney.

It appears that staff representative Hollenbaugh discussed the case with Kenney in advance of the hearing and discussed with Kenney the problems with calling the witnesses Kenney requested. (*See* Doc. 13-1 at pp. 15-16, Decl. of Brian Chambers.)

Based on the documents of record, the magistrate judge found Kenney was provided all the procedural due process rights set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974), which include (1) the right to appear before an impartial decision making body; (2) twenty-four hour advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with institutional safety and correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written decision of the fact finder of the evidence relied upon and the rationale behind the disciplinary action. (Doc. 21 at p. 10-11.) Furthermore, the evidence relied upon by DHO Chambers met the "some evidence" requirement. (*See* Doc. 13-1 at p. 11 n.1.)

For the foregoing reasons, the court will adopt the report and recommendation of the magistrate judge. An appropriate order will be issued.

                                           s/Sylvia H. Rambo
                                           SYLVIA H. RAMBO
                                           United States District Judge

Dated: July 16, 2015.